STATE of Missouri ex rel., G. B. R., Relator,

v.

The Honorable Ninian M. EDWARDS, Judge of the Juvenile Court of St. Louis County, Missouri, Respondent.

No. 60633.

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Harold G. Johnson, St. Ann, for relator.

Martin Schiff, Jr., Clayton, for respondent.

RENDLEN, Judge.

The operative facts in this prohibition case are substantially the same as those in *State ex rel. J. D. S. v. Edwards*, No. 60634, 574 S.W.2d 405 (Mo. banc 1978), which we have decided this day. Baby Girl H. (hereafter, child) was born out of wedlock in November, 1976, to a minor E. H. (hereinafter, mother), and G. B. R., relator here, who it is admitted was the child's father. Following the birth, the mother executed a consent to the termination of her parental rights and a waiver of the necessity to consent to adoption. Respondent ordered the child placed in a foster home in early December, 1976, and the juvenile officer of St. Louis County petitioned for termination of parental rights.

The father states that since its birth he has continually demanded the custody of the child, a fact admitted by respondent. On December 15, 1976, the father petitioned the court for a declaration of his parentage and for custody of his child and that action was consolidated with the juvenile officer's proceeding for termination. In January, 1977, the father moved (1) for a home study of the residence of his parents and himself, (2) for a hearing date on his petition for custody, and (3) to intervene in the termination proceeding.

In the hearing conducted April 6, 1977, respondent orally advised the parties of his intention to enter an order May 2, 1977 (later extended to June 1, 1977) to terminate the mother's parental rights, dismiss the father's petition for custody, and to transfer custody of the child to the Division of Family Services for purposes of adoption. The statutory authority for the proposed order apparently was the same as that considered in *State ex rel. J. D. S. v. Edwards*, No. 60634, 574 S.W.2d 405 (Mo. banc 1978).[1]

The father promptly petitioned for and obtained a writ of prohibition in the Court of Appeals, St. Louis District, which issued shortly after the writ in *J. D. S.* Both cases were transferred after opinion in the Court of Appeals and presented concurrently for determination here.

Our decision today in *J. D. S.* controls the case at bar. The guarantees of due process and equal protection mandate that the father receive the same protection in any further proceedings, as that afforded relator in *J. D. S.* The writ is made absolute.

MORGAN, C. J., FINCH, DONNELLY and SEILER, JJ., and SOMERVILLE, Special Judge, concur.

BARDGETT, J., concurs in part and dissents in part in separate opinion filed.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.

BARDGETT, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part as per my separate opinion concurring in part and dissenting in part filed in *State ex rel. J. D. S. v. Edwards*, 574 S.W.2d 405 (Mo. banc 1978) [No. 60634] decided concurrently herewith.

---

1. This record does not contain respondent's proposed order in written form. We are told in relator's brief that the proposed order would be the same as that for *J. D. S.*; respondent acquiesces in his brief to that statement.